**Gina G. GRAY, Plaintiff**

v.

**COLLECTION INFORMATION BUREAU, INC., Defendant.**

**Case No. 10–61734–CIV–JORDAN.**

United States District Court,
S.D. Florida,
Miami Division.

Oct. 4, 2011.

---

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Barbara Fernandez, David Palmer Hartnett, Hinshaw & Culbertson LLP, Miami, FL, for Defendant.

### ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

ADALBERTO JORDAN, District Judge.

As explained below, Gina G. Gray's motion to enforce the settlement agreement [D.E. 26] is DENIED.

On July 5, 2011, Collection Information Bureau, Inc.'s lawyer sent Ms. Gray's lawyer an offer of settlement. In that e-mail, Collection Information offered to settle Ms. Gray's Fair Debt Collection Practices Act claim for $1,001 plus reasonable attorneys' fees [D.E. 26–1 at 3]. In addition, the e-mail stated that if the parties could not agree on reasonable attorneys' fees and costs, the issue would be submitted to me [*Id.*]. Two weeks later, Ms. Gray accepted the settlement offer [*Id.* at 2].

A month after accepting, Ms. Gray filed a motion to enforce the settlement agreement. Apparently, Collection Information had not paid her the $1,001 and, in fact, refused to pay the money until Ms. Gray provided it with her taxpayer identification number, because it needed Ms. Gray's TIN to issue a 1099 form, as required by federal law. Ms. Gray refused to give Collection Information her TIN.

Federal tax regulations require that a company issue a 1099 form with every settlement payment over $600. *See* 26 C.F.R. § 1.6041–1(f). To issue a 1099 form, Collection Information needs Ms. Gray's TIN or Social Security number. *See Johnson v. LPL Financial Services,* 517 F.Supp.2d 1231, 1232–37 (S.D.Cal. 2007) (Papas, Mag.); *McCormick v. Brzezinski,* No. 08–10075, 2010 WL 1463176, at *3 (E.D.Mich. Apr. 13, 2010). Because Ms. Gray refuses to give her TIN or Social Security number, Collection Gray cannot issue a 1099 form, which, in turn, prevents it from paying Ms. Gray without violating federal tax law.

Ms. Gray does not dispute this analysis, but instead misstates Collection Information's argument. Because enforcing the settlement would force Collection Information to violate the law, Ms. Gray's motion is denied.

Alternatively, Ms. Gray's motion is denied under the local rules for failing to "incorporate a memorandum of law citing supporting authorities." S.D. FLA. L.R. 7.1(a)(1).